**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|                          |   |                          |
|--------------------------|---|--------------------------|
| GREGORY TRICE,           | : | Civil No.  08-2968 (NLH) |
|                          | : |                          |
| Petitioner,              | : |                          |
|                          | : |                          |
| v.                       | : | **OPINION**              |
|                          | : |                          |
| WARDEN GRONDOLSKY,       | : |                          |
|                          | : |                          |
| Respondent.              | : |                          |

---

**APPEARANCES:**

GREGORY TRICE, Petitioner pro se
# 43636-066
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

RALPH J. MARRA, JR., Acting United States Attorney
PAUL A. BLAINE, Assistant U.S. Attorney
Camden Federal Building and U.S. Courthouse
401 Market Street, P.O. Box 2098
Camden, New Jersey  08101

**HILLMAN, District Judge**

Petitioner, Gregory Trice ("Trice"), a federal prisoner confined at F.C.I. Fort Dix in Fort Dix, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence computation by the Bureau of Prison's ("BOP").  The named respondent is Warden Grondolsky at F.C.I. Fort Dix where petitioner is presently confined.  For the reasons set forth below, the Court will deny the petition in part, and grant petitioner conditional relief.

I.   <u>BACKGROUND</u>

On February 5, 2006, Trice was arrested by local authorities in Montgomery, Pennsylvania, for violation of probation conditions imposed in an earlier Pennsylvania state criminal matter.  (Respondent's Declaration of Forest Kelly, BOP Correspondence Specialist, Exhibits 2, 3).  However, on May 26, 2006, Trice was transferred to federal custody on a writ of habeas corpus ad prosequendum with respect to a federal criminal proceeding pending against him at that time in the United States District Court for the Eastern District of Pennsylvania, <u>United States v. Trice</u>, No. 06 cr 223-001.  (Kelly Decl. at Ex. 4).  Trice was convicted by guilty plea on two counts of wire fraud and aiding and abetting, and one count of aggravated identity theft and aiding and abetting.  On February 7, 2007, Trice was sentenced in the federal criminal action to an aggregate prison term of 42 months.  (Kelly Decl., Ex. 1).  He was returned to Pennsylvania state custody seven days later, on February 14, 2007.  (<u>Id</u>. at Ex. 4).

Thereafter, on March 12, 2007, Trice was sentenced in the Court of Common Pleas in Montgomery, Pennsylvania, to a one to two year state prison term for receiving stolen property.  (<u>Id</u>., Ex. 3 at p. 6; Ex. 5).  The sentence was made "concurrent to all previously imposed" sentences.  (<u>Id</u>., Ex. 3 at p. 6).  The state sentencing court issued an amended order on April 12, 2007,

however, which granted credit for time served for the period of
time served from February 10, 2006 through March 12, 2007 (a
total of 396 days).  (Id., Ex. 3 at p. 23).  Trice's state
sentence expired on February 10, 2008, and he was released to
federal custody to begin serving his federal sentence on February
11, 2008.  (Id., Exs. 5, 6).

    The BOP granted Trice jail credit against his federal
sentence for the five days, from February 5, 2006 through
February 9, 2006, because Trice did not receive any credit for
this time with respect to his state sentence.  No other credit
was granted Trice against his federal sentence.  Accordingly,
Trice's current projected release date is February 22, 2011.
(Id., Ex. 11, pp. 3-5).

    Trice sought to have the BOP credit his federal sentence
with the time that he was in Pennsylvania custody, namely, from
February 6, 2006 through February 10, 2008.  On or about May 5,
2008, Trice filed a Request for Administrative Remedy, which was
an administrative appeal from Warden Grondolsky's July 9, 2008
response to Trice's request for credit against his federal
sentence for time served in state custody.  Trice argued that the
state court made his state sentence "concurrent" with all pre-
existing sentences.  (Respondent's Declaration of Tara Moran,
Exhibit A).  On September 16, 2008, Warden Grondolsky responded
that Trice was not entitled to any credit for the time sought by

Trice because the state had awarded jail credit against Trice's state sentence for the time period in question.  (Moran Decl., Ex. A).

Trice filed a Regional Administrative Remedy Appeal on September 21, 2008.  On October 23, 2008, the Regional Director denied Trice's appeal, finding that (1) the credit requested by Trice was awarded toward his state sentence and cannot be awarded to his federal sentence under 18 U.S.C. § 3585(b); and (2) Trice's request for prior custody credit was being considered as a request for nunc pro tunc designation, and such request had been forwarded to the Designation and Sentence Computation Center ("DSCC") for review and determination in accordance with BOP Program Statement 5160.05, and determination of nunc pro tunc designation was still pending at that time.  (Moran Decl., Ex. B).

Trice filed this federal habeas petition on or about June 12, 2008, while his administrative remedy process was still pending.  On December 11, 2008, respondent submitted a response to the petition with the relevant records.  (Docket entry no. 8). Petitioner filed objections thereto, on or about January 21, 2009, February 23, 2009, and May 8, 2009.  (Docket entry nos. 9, 10 and 11).  On June 8, 2009, Trice filed a motion to have a hearing on the disposition of his petition for habeas relief. (Docket entry no. 12).  The respondent answered the motion on

4

June 11, 2009.  (Docket entry no. 13).  Trice then filed a letter
to the Court, on or about June 22, 2009, advising of his medical
and personal problems.  (Docket entry no. 14).  On July 13, 2009,
respondent's counsel wrote to the Court, informing that the BOP
had not received any responses from Trice's sentencing court or
from the prosecuting U.S. Attorney's Office regarding the nunc
pro tunc designation, and therefore, the BOP denied nunc pro tunc
designation "in accordance with BOP Program Statement 5160.05."
(See Docket entry no. 15).  Petitioner filed a reply to the
Government's letter on July 22, 2009.  (Docket entry no. 16).

## II.  CLAIMS PRESENTED

Trice seeks credit against his 42 month federal prison
sentence for the entire time period he was confined before
returning to federal custody for service of his sentence on
February 11, 2008.  Specifically, he seeks credit from February
5, 2006, the date he was arrested and placed in state custody for
a state probation violation, through February 10, 2008.
Petitioner contends that such credit must be granted because the
state sentencing court specifically imposed a sentence that was
to run "concurrent to all previously imposed" sentences, and the
federal sentence at issue was imposed on February 9, 2007, one
month before the state sentence was imposed on March 12, 2007.

The Government counters that the BOP properly calculated
Trice's federal sentence and that Trice is not entitled to credit

5

against his federal sentence for time that already was credited
against his state sentence, pursuant to 18 U.S.C. 3585(b).
Moreover, the Government now argues that the BOP properly denied
nunc pro tunc designation, allowed under 18 U.S.C. § 3621(b),
because there was no recommendation from the sentencing court
regarding a nunc pro tunc designation after the BOP sought the
opinion of the sentencing court in this regard.  Accordingly, the
Government contends that Trice's sentence was properly calculated
with respect to all credits entitled by law, and that his
projected release date is February 11, 2011.

### III.   ANALYSIS

The Court recognizes that a pro se pleading is held to less
stringent standards than more formal pleadings drafted by
attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v.
Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition
should be construed liberally and with a measure of tolerance.
See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v.
Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because
Trice is proceeding pro se in his application for habeas relief,
the Court will accord his petition the liberal construction
intended for pro se litigants.

### A.   Jurisdiction

Section 2241 of Title 28 of the United States Code provides
in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date). See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Moreover, if the BOP erred in calculating Trice's sentence by not applying credit for the time he spent in state custody, then Trice would be entitled to imminent or immediate release from prison, and his continued confinement would constitute a miscarriage of justice that can be corrected only through habeas corpus. Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).

Accordingly, this Court has subject matter jurisdiction under § 2241 to consider this matter since Trice does not

7

challenge the imposition of the sentence, but instead challenges the execution of the sentence based on the BOP's alleged error in not giving him credit against his federal sentence for the full time served in state custody, and because he was confined in New Jersey at the time he filed his petition.  <u>See Vega v. United States</u>, 493 F.3d 310, 313 (3d Cir. 2007)(challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241);  <u>See Barden v. Keohane</u>, 921 F.2d at 478-79 (challenge to BOP's refusal to decide whether to designate state prison as a place of federal confinement); 2 James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus Practice and Procedure</u> § 41.2b (3rd ed. 1998).

B.   <u>Computation of Federal Sentence</u>

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, <u>see</u> 18 U.S.C. § 3585; <u>United States v. Wilson</u>, 503 U.S. 329 (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. § 0.96 (1992). <u>See United States v. Brann</u>, 990 F.2d 98, 103-04 (3d Cir. 1993).

1.  *Prior Custody Credit*

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the

extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

>> (1) as a result of the offense for which the sentence was imposed; or

>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

There are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody under 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis" credit.  See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the

9

completion of that sentence when the custody was "(1) as a result
of the offense for which the sentence was imposed; or (2) as a
result of any other charge for which the defendant was arrested
after the commission of the offense for which the sentence was
imposed; that has not been credited against another sentence."
This last clause provides that time spent in custody cannot be
credited toward a federal sentence if it was used to satisfy a
non-federal sentence.  The Supreme Court has made clear that
inmates are not allowed to "double count" credit.  See United
States v. Wilson, 503 U.S. 329 (1992).

   2.  *Primary Jurisdiction*

   When two different sovereigns have custody of a criminal
defendant over time, the general rule is that the sovereign who
acquires custody first in time has primary jurisdiction over the
defendant.  See Chambers v. Holland, 920 F. Supp. 618, 622 (M.D.
Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.
Primary jurisdiction remains vested in the jurisdiction that
first arrested defendant until that jurisdiction relinquishes its
priority by, e.g., bail release, dismissal of the state charges,
parole release, or expiration of the sentence.  Notably,
producing a state prisoner under writ of habeas corpus ad
prosequendum to answer federal charges does not relinquish state
custody.  Chambers, 920 F. Supp. at 622 (citations omitted).
Thus, in this case, the state government, Pennsylvania, acquired

primary jurisdiction over Trice when it arrested him and retained primary custody over Trice when it produced him pursuant to the writ of habeas corpus ad prosequendum.

3.  *Nunc Pro Tunc Designations*

"Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).[1]  A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited, however, to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of

---

[1]  Section 3584 provides:
(a) Imposition of concurrent or consecutive term. - If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
(b) Factors to be considered in imposing concurrent or consecutive terms. - The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
(c) Treatment of multiple sentence as an aggregate. - Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

imprisonment.  18 U.S.C. § 3584(a).  Where a state sentence has not yet been imposed, a federal court has no authority to order that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges.  See Romandine v.. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F. Supp.2d 332, 342-47 (W.D.Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D.Pa. Sept. 13, 2000).  Cf. Barden, 921 F.2d at 484 (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so").  Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995).  Here, where there was no pending state sentence at the time the federal sentence was imposed, the federal court had no authority to order the federal sentence to run concurrently to a state sentence that might be imposed in the future.

The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which a federal prisoner such as Trice served an earlier state sentence.  See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on his application for a nunc pro tunc designation); 18 U.S.C. §

12

3621(b).[2]  The decision of the BOP is subject to judicial review
only for abuse of discretion.  <u>Barden</u>, 921 F.2d at 478.

        Pursuant to BOP Program Statement 5160.05, state
institutional facilities may be designated for concurrent service
of a federal sentence when it is consistent with the intent of
the federal sentencing court or with the goals of the criminal
justice system.  <u>See</u> P.S. 5160.05, ¶ 3(a)(2003).  The BOP's
authority to designate a state institution for concurrent service
of a federal sentence is delegated to Regional Directors.  The
Program Statement specifically addresses requests by prisoners
for a nunc pro tunc designation:

> (4) Inmate Request. Occasionally, an inmate may request a
> nun pro tunc (i.e., occurring now as though it had occurred
> in the past) designation.  As a result of the decision in
> <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir.1990), the Bureau
> considers an inmate's request for pre-sentence credit toward
> a federal sentence for time spent in service of a state
> sentence as a request for a nunc pro tunc designation.
>> (a) In <u>Barden</u>, the court held that the Bureau must
>> consider an inmate's request for concurrent service of
>> the state and federal sentences.
>> • However, there is no obligation under <u>Barden</u> for the
>> Bureau to grant the request by designating a state
>> institution retroactively as the place to serve the
>> federal sentence.
>> (b) This type of request will be considered regardless
>> of whether the inmate is physically located in either a

---

[2]  Section 3621(b) provides that, "The Bureau of Prisons
shall designate the place of the prisoner's imprisonment.  The
Bureau may designate any available penal or correctional facility
that meets minimum standards of health and habitability
established by the Bureau, whether maintained by the Federal
Government or otherwise and whether within or without the
judicial district in which the person was convicted, that the
Bureau determines to be appropriate and suitable ...."

federal or state institution.  Information will be
gathered, if available, to include:
• a copy of the federal and state J & Cs
• the State sentence data record to include jail
credit, and
• any other pertinent information relating to the
federal and state sentences.
(c) In making the determination, if a designation for
concurrent service may be appropriate (e.g., the
federal sentence is imposed first and there is no order
or recommendation regarding the service of the sentence
in relationship to the yet to be imposed state term),
the RISA will send a letter to the sentencing court
(either the chambers of the Judge, U.S. Attorney's
Office, and/or U.S. Probation Office, as appropriate)
inquiring whether the court has any objections.
Regardless of where the original inquiry is directed,
the U.S. Attorney's Office and U.S. Probation Office
will receive a courtesy copy.
(d) If, after 60 days, a response is not received from
the sentencing court, the RISA will address the issue
with the Regional Counsel and a decision will be made
regarding concurrency.
(e) No letter need be written if it is determinated
that a concurrent designation is not appropriate ....

P.S. 5160.05, ¶ 9(b).  With respect to state court pronouncements

that state sentences are to run concurrently with federal

sentences, the Program Statement notes that, "Just as the federal

government has no authority to prescribe when a state sentence

will commence, the state has no authority to order commencement

of a federal sentence." P.S. 5160.05, ¶ 7(g).

C.    No Entitlement to Prior Custody Credit Under § 3585(b)

Trice claims that the BOP erred in refusing to award him

prior custody credit for the entire time he spent in state

custody before he was transferred to federal custody.  He argues

that the BOP should have had his state and federal sentences run

14

concurrently because the state court judge intended that the state sentence was to run concurrently with all prior sentences.

The respondent argues that Trice is entitled to prior custody credit only if it is in accord with 18 U.S.C. § 3585(b). Here, the BOP determined that an award of prior custody credit for the time period spent in state custody was prohibited because it would be a double credit contrary to the provisions of 18 U.S.C. § 3585 (b). In particular, the BOP determined that Trice was not entitled to prior custody credit for the time period from February 10, 2006 through February 10, 2008,[3] because that time was fully credited towards his state sentence, as reflected in the state court's amended Order of April 12, 2007 (granting credit for time served from February 10, 2006 through March 12, 2007, when the state court sentence was imposed), and from March 12, 2007 through February 10, 2008, when he was in state custody for service of his state sentence.

The Supreme Court expressly noted that, under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337. This ban on double credits also applies to those situations where the petitioner is in federal detention under a writ of habeas

---

[3] The BOP did grant Trice jail credit against his federal sentence for the time, February 5, 2006 through February 9, 2006, because Trice did not receive any credit for this time with regard to his state sentence.

corpus *ad prosequendum* during the time for which the credits are sought.  Here, Pennsylvania still retained primary custody over Trice even after he was produced pursuant to a writ of habeas corpus as prosequendum.[4]  Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.  See <u>Chambers</u>, 920 F. Supp. at 622. Thus, it is clear that, under § 3585(b), prior custody credits may only be granted in this case for the time Trice spent in federal detention for which he did not receive credit towards another sentence.

This Court finds that the BOP properly refused under § 3585 to credit Trice with time during which he was in the primary custody of state authorities and that had been credited toward his state sentence.  Accordingly, to the extent that Trice's habeas petition seeks relief on this ground, it is denied.

---

[4]  In this case, the Commonwealth of Pennsylvania obtained primary jurisdiction over Trice on February 5, 2006, when Trice was arrested by local authorities in Montgomery, Pennsylvania, for violation of probation.  Pennsylvania did not relinquish primary jurisdiction over Trice even though Trice was released to federal custody on a writ of <u>ad</u> <u>prosequendum</u> from May 26, 2006 through February 14, 2007, with respect to his federal criminal matter at that time.  See <u>United States v. Cole</u>, 416 F.3d 894, 896-897 (8th Cir. 2005); <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1365 (9th Cir. 1991).  Primary jurisdiction did not revert to the United States until Trice completed his state sentence on February 10, 2008, and was transferred to the BOP for service of his federal sentence.  See <u>Del Guzzi v. United States</u>, 980 F.2d 1269 (9th Cir. 1992).

D.  Nunc Pro Tunc Designation

     While Trice may not be entitled to prior custody credit
under § 3585(b), he may be entitled to have the BOP designate as
his place of federal confinement, nunc pro tunc, the state
institution where Trice served his state sentence after his
federal sentence had been imposed.  Here, Petitioner's request
that the time he served his state sentence be credited against
his federal sentence was, in fact, treated by the BOP as a
request for such a nunc pro tunc designation.

     Nunc pro tunc designation is a retroactive designation,
which the BOP may grant in accordance with the discretion it is
given under § 3621(b) to designate the place of the prisoner's
imprisonment.  In the event the BOP denies nunc pro tunc
designation, "any further review of the Bureau's action will be
limited to abuse of discretion."  Barden, 921 F.2d at 478.
"[S]uch a designation by the BOP is plainly and unmistakably
within the BOP's discretion and [the court] cannot lightly second
guess a deliberate and informed determination by the agency
charged with administering federal prison policy."  Taylor v.
Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002), cert. denied, 537
U.S. 1119 (2003)(emphasis added)(citing McCarthy v. Doe, 146 F.3d
118, 123 (2d Cir. 1998), cert. denied, 537 U.S. 1119 (2003);
Barden, 921 F.2d at 478).  As set forth in this Opinion, at
Section B.3, Program Statement 5160.05 provides guidance with

17

respect to nunc pro tunc designations.  <u>See</u> <u>also</u> <u>Barden</u>, <u>supra</u>
(holding that prisoner was entitled to have the BOP consider his
request to designate state prison as "place of confinement" for
purposes of determining whether prisoner was entitled to credit
against his federal sentence for time spent in state custody).

Here, Trice again argues that the state sentencing court
expressly ruled that the state sentence be made to run concurrent
to all prior sentences.  However, there appears to be no
recommendation by the federal sentencing judge concerning nunc
pro tunc designation.  Generally, under these circumstances, the
BOP is directed, under Program Statement 5160.05, to contact the
federal sentencing court, the prosecuting U.S. Attorney's Office
and/or the U.S. Probation Office, as appropriate, for any
objections or recommendations as to nunc pro tunc designation.
The Government here states that an inquiry was made to the
federal sentencing court and the U.S. Attorney's Office, but no
response was received.  Notably, the Government does not attach
the letter of inquiry from the BOP to the sentencing court.

Program Statement 5160.05 also provides that if the
sentencing court does not respond to the BOP's inquiry in 60
days, then the issue will be addressed with the Regional Counsel
and a decision will be made regarding concurrency.  Here, as
stated above, there was no response from the sentencing court or
the U.S. Attorney's Office, and the BOP determined that nunc pro

18

tunc designation would not be granted.  However, the Government provides no reasons or basis for its determination.  Namely, there was no discussion as to petitioner's criminal history, institutional record, or any other material factors that would support the BOP's determination.  In fact, there was no documentation of any kind from which this Court may discern the merits of the BOP's decision to deny nunc pro tunc designation.

Under Program Statement 5160.05, ¶ 9(4)(e), when the original sentencing judge is no longer available and the assigned judge offers no opinion, "the RISA[5] will make a determination [concerning nunc pro tunc designation] based on the particular merits of the case."  P.S. 5160.05, ¶ 9(4)(e).  This information includes the inmate's discipline history, institutional adjustment, recommendations of wardens at state and federal institutions, the recommendation of the prosecuting U.S. Attorney, the intent of the federal sentencing court, if available, and any other pertinent information regarding the inmate.  P.S. 5160.05, ¶ 8(a).

In this case, it is clear that the state sentencing court intended that the sentences run concurrent.  Neither party here disputes this fact.  Nevertheless, it is not an abuse of discretion for the BOP to refuse to adhere to a state sentencing

---

[5]  "RISA" refers to the Regional Inmate Systems Administrator, who maintains accurate records and accountability for inmates serving federal sentences in state institutions.

order that requests concurrent sentences.  As the Ninth Circuit
has noted:

> ..., concurrent sentences imposed by state judges are
> nothing more than recommendations to federal officials.
> Those officials remain free to turn those concurrent
> sentences into consecutive sentences by refusing to
> accept the state prisoner until the completion of the
> state sentence and refusing to credit the time the
> prisoner spent in state custody.

Del Guzzi v. United States, 980 F.2d 1269, 1272-73 (9th Cir.
1992); see also McCarthy, 146 F.3d at 120-21; Hawley v. United
States, 898 F.2d 1513 (11th Cir. 1990).  Thus, the state court's
order that the state sentence run concurrently to Trice's prior
sentences is not binding on the federal court, or on the BOP.

Even so, having the benefit of the state court's clearly
stated intent, the lack of any response from the federal
sentencing court or the prosecuting U.S. Attorney's Office, and
no discussion or reasoning from the Government regarding its
blanket denial of nunc pro tunc designation, this Court is
constrained to conditionally grant Trice's petition with respect
to nunc pro tunc designation.  Specifically, the Court will
direct respondent to consider Trice's request for nunc pro tunc
designation in accordance with Program Statement 5160.05,
providing a deliberate and informed determination on the merits,
and setting forth the factors relied upon in its consideration as
set forth in Program Statement 5160.05 at ¶ 8(a).  Respondent is
further directed to provide the Court with a supplemental

declaration and relevant documentation regarding its determination on the request for nunc pro tunc designation within twenty (20) days of the date of entry of the Order accompanying this Opinion.[6]  Finally, the Court will authorize Trice to renew his application before this Court if respondent does not comply with the Order.

<u>**CONCLUSION**</u>

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied in part, and granted in part.  Petitioner's motion for a hearing (Docket entry no. 12) is dismissed as moot.  An appropriate Order accompanies this Opinion.

```
                              S/ Noel L. Hillman
                              NOEL L. HILLMAN
                              United States District Judge
```

Dated: September 25, 2009
At Camden, New Jersey

---

[6]  Based on the respondent's June 11, 2009 letter to this Court, which stated that a grant of nunc pro tunc designation would result in the release of petitioner on November 8, 2009, this Court finds that an expedited response time is appropriate and necessary.