**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| GREGORY TRICE, | : | Civil No. 08-2968 (NLH) |
| Petitioner, | : |  |
| v. | : | **OPINION** |
| WARDEN GRONDOLSKY, | : |  |
| Respondent. | : |  |

**APPEARANCES:**

GREGORY TRICE, Petitioner pro se
# 43636-066
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

RALPH J. MARRA, JR., Acting United States Attorney
PAUL A. BLAINE, Assistant U.S. Attorney
Camden Federal Building and U.S. Courthouse
401 Market Street, P.O. Box 2098
Camden, New Jersey  08101

**HILLMAN, District Judge**

This matter comes before the Court on Petitioner, Gregory Trice's ("Trice"), application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence computation by the Bureau of Prison's ("BOP").  On September 25, 2009, this Court entered an Opinion and Order denying Trice's claim for prior custody credit, but conditionally granting the petition with respect to Trice's claim for "nunc pro tunc" designation of his sentence.  The Order directed that Respondent,

Warden Grondolsky at F.C.I. Fort Dix, where petitioner is presently confined, make a good faith determination of Trice's request for nunc pro tunc designation in accordance with the Bureau of Prisons ("BOP") Program Statement 5160.05, ¶ 8(a).

On October 15, 2009, the Respondent submitted a supplemental declaration of Forest Kelly, Correspondence Specialist at the BOP Designation and Sentence Computation Center ("DSCC"), which details the bases for the BOP's decision not to grant Trice's request for nunc pro tunc designation.  Specifically, the BOP bases its decision on the nature and circumstances of Trice's offenses, his institutional adjustment, and on his prior criminal history.  The BOP separately notes that Trice has an extensive criminal history dating from 1968, which includes convictions for larceny, theft, receiving stolen property, shoplifting, possession of drugs, possession of a stolen firearm by a convicted felon, bad checks, and numerous parole and probation violations.  Trice's current offense involves commission of wire fraud and aggravated identity theft violations, for which he is presently serving a consecutive custodial term.

The BOP also notes that numerous requests have been made to Trice's sentencing court for comment or recommendation as to Trice's request for nunc pro tunc designation, but the sentencing court has declined to respond.  Accordingly, the BOP contends that its decision to deny Trice's request for nunc pro tunc

designation "is in keeping with the relevant provisions of BOP Program Statement 5160.05," and that "[g]ranting Trice's request would not be consistent with the goals of the criminal justice system."  See BOP Program Statement 5160.05, §§ 3a, 8.

## ANALYSIS

Nunc pro tunc designation is a retroactive designation, which the BOP may grant in accordance with the discretion it is given under 18 U.S.C. § 3621(b),[1] to designate the place of the prisoner's imprisonment.  In the event the BOP denies nunc pro tunc designation, "any further review of the Bureau's action will be limited to abuse of discretion."  Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991)(holding that prisoner was entitled to have the BOP consider his request to designate state prison as "place of confinement" for purposes of determining whether prisoner was entitled to credit against his federal sentence for time spent in state custody).  "[S]uch a designation by the BOP is plainly and unmistakably within the BOP's discretion and [the court] cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal

---

[1] Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ...."

prison policy." Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002), cert. denied, 537 U.S. 1119 (2003)(emphasis added)(citing McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998), cert. denied, 537 U.S. 1119 (2003); Barden, 921 F.2d at 478).

BOP Program Statement 5160.05 provides guidance with respect to nunc pro tunc designations. Pursuant to BOP Program Statement 5160.05, state institutional facilities may be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system. See P.S. 5160.05, ¶ 3(a)(2003). The BOP's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors. The Program Statement specifically addresses requests by prisoners for a nunc pro tunc designation:

> (4) Inmate Request. Occasionally, an inmate may request a nun pro tunc (i.e., occurring now as though it had occurred in the past) designation. As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3d Cir.1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.
>     (a) In Barden, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
>     • However, there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.
>     (b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:
>     • a copy of the federal and state J & Cs
>     • the State sentence data record to include jail

> credit, and
> • any other pertinent information relating to the federal and state sentences.
> © In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.
> (d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.
> (e) No letter need be written if it is determinated that a concurrent designation is not appropriate ....

P.S. 5160.05, ¶ 9(b). With respect to state court pronouncements that state sentences are to run concurrently with federal sentences, the Program Statement notes that, "Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence." P.S. 5160.05, ¶ 7(g).

In this case, Trice argues, and the Government does not dispute, that the state sentencing court expressly ruled that the state sentence be made to run concurrent to all prior sentences.[2]

---

[2] It is not an abuse of discretion for the BOP to refuse to adhere to a state sentencing order that requests concurrent sentences. As the Ninth Circuit has noted:
> ..., concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to

However, there appears to be no recommendation by the federal sentencing judge concerning nunc pro tunc designation. Generally, under these circumstances, the BOP is directed, under Program Statement 5160.05, to contact the federal sentencing court, the prosecuting U.S. Attorney's Office and/or the U.S. Probation Office, as appropriate, for any objections or recommendations as to nunc pro tunc designation.  As indicated by the Government, inquiries were made to the federal sentencing court and the U.S. Attorney's Office, but no response was received.

   Program Statement 5160.05 provides that if the sentencing court does not respond to the BOP's inquiry in 60 days, then the issue will be addressed with the Regional Counsel and a decision will be made regarding concurrency.  Specifically, under Program Statement 5160.05, ¶ 9(4)(e), when the original sentencing judge is no longer available and the assigned judge offers no opinion, "the RISA[3] will make a determination [concerning nunc pro tunc

---

>     accept the state prisoner until the completion of the
>     state sentence and refusing to credit the time the
>     prisoner spent in state custody.

Del Guzzi v. United States, 980 F.2d 1269, 1272-73 (9th Cir. 1992); see also McCarthy, 146 F.3d at 120-21; Hawley v. United States, 898 F.2d 1513 (11th Cir. 1990).  Thus, the state court's order that the state sentence run concurrently to Trice's prior sentences is not binding on the federal court, or on the BOP.

   [3]  "RISA" refers to the Regional Inmate Systems Administrator, who maintains accurate records and accountability for inmates serving federal sentences in state institutions.

designation] based on the particular merits of the case." P.S. 5160.05, ¶ 9(4)(e). This information includes the inmate's discipline history, institutional adjustment, recommendations of wardens at state and federal institutions, the recommendation of the prosecuting U.S. Attorney, the intent of the federal sentencing court, if available, and any other pertinent information regarding the inmate. P.S. 5160.05, ¶ 8(a).

At the time Trice submitted his habeas petition before this Court, the BOP had not provided the bases or reasons for its determination to deny nunc pro tunc designation. However, at this Court's direction and Order dated September 25, 2009, the Respondent reconsidered Trice's request for nunc pro tunc designation on October 15, 2009. In its supplemental declaration of Forest Kelly and supporting documentation submitted to the Court on October 15, 2009, the BOP denied Trice's request for nunc pro tunc designation, and clearly stated that its denial was based on the nature and circumstances of Trice's offenses, as well as Trice's extensive criminal history and numerous parole and probation violations.

Therefore, this Court finds that the BOP properly contacted the federal sentencing court for its position as to nunc pro tunc designation, but the sentencing court declined to comment. Additionally, in accord with P.S. 5160.05, ¶ 9(4)(e), the BOP properly reviewed Trice's criminal history, and the nature and

7

characteristics of his current offenses, to determine whether a nunc pro tunc designation would be consistent with the intent of the sentencing court and the goals of the criminal justice system.  See P.S. 5160.05, ¶ 8(a).  Trice has not identified any material information that was overlooked or discounted.  He also has not established any abuse of discretion in the BOP's reconsideration of his request.  Therefore, this Court finds that the BOP made a <u>deliberate and informed</u> determination with respect to its denial of Trice's request for nunc pro tunc designation, and accordingly, Trice is not entitled to relief in this matter.

## **CONCLUSION**

Based on the foregoing, Trice's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied.  An appropriate Order accompanies this Opinion.

 s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: October 28, 2009
At Camden, New Jersey